RAYMOND NARDO, P.C.
129 Third St
Mineola, NY 11501
(516) 248-2121
raymondnardo@gmail.com
*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
Caitlyn Sullivan,

       Plaintiff,

     -against-

Deestyle66 Inc. d/b/a Denise & Company Salon,
Denise Tristano as an individual,

       Defendants.
-----------------------------------------------------------------------X

**COMPLAINT**
**21-CV-72**

  Plaintiff CAITLYN SULLIVAN, ("plaintiff"), by counsel, RAYMOND NARDO, P.C., upon personal knowledge, complaining of defendants, DEESTYLE66 Inc. d/b/a DENISE & COMPANY SALON, and DENISE TRISTANO, jointly and severally (collectively referred herein as "Defendants") alleges:

### NATURE OF THE ACTION

  1. This action seeks to recover unpaid minimum wages and/or overtime pay, and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New York Labor Law § 190, *et seq.* ("NYLL") on behalf of plaintiff.

## JURISDICTION

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and may exercise supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. This Court also has jurisdiction over plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because the defendants are located in the Eastern District of New York and the cause of action arose there.

## FACTS

**Plaintiff**

6. Plaintiff is an individual who resides in Hicksville, New York, within the Eastern District of New York.

7. Defendants employed plaintiff from August 2017 through October 20, 2020.

8. Defendants initially engaged Plaintiff for social media management and marketing, compensating Plaintiff at the rate of $100 per week.

9. In or around November 2019, Defendants employed Plaintiff as receptionist 2 days per week. Defendants paid Plaintiff $15 per hour for 20 hours work, plus the $100 per

week for social media management.

10. From March through June 2020, Plaintiff worked from home with the social media management, and she also communicated with clients and employees, and created reopening plans for the Phase 2 reopening of Barber Shops and Salons in New York State during the COVID-19 Pandemic.

11. From June 2020 through July 2020, Plaintiff worked 6 to 7 days per week and was paid a daily rate of $150 per day.

12. From June 4, 2020 through July 4, 2020, Plaintiff worked all but four days, and worked approximately 10.5 hours per day, for about 73.5 hours per week.

13. From July 4, 2020 through October 13, 2020, Defendants paid Plaintiff a daily rate of $150 for 4 days a week, plus $100 per week for social media management.

14. From July 4, 2020 through October 13, 2020, Plaintiff worked approximately 5 to 6 days per week, and also worked from home for Defendants, and worked approximately 47 hours per week.

15. On or about October 13, 2020, Plaintiff received a raise in pay of $175 for 4 days per week, for a total of $700 per week, plus the $100 per week for social media management.

16. Plaintiff was an "employee" of defendants within the meaning of the FLSA and the NYLL.

17. Plaintiff was not an exempt employee under the FLSA.

18. Plaintiff was not an exempt employee under the NYLL.

19. Defendants did not pay plaintiff minimum wage and/or premium overtime pay at the rate of time and one half of the regular hourly pay for hours worked in excess of 40 hours per week.

20. On or about September 26, 2020, Plaintiff was in the process of discarding products which were opened, used, and returned by a customer.

21. Defendant Tristano asked Plaintiff what was in the bag, and Plaintiff responded that there were two returned shampoo products which were opened and partially used by a customer, and that they cannot be sold or used, so she was discarding them.

22. Defendant Tristano yelled at Plaintiff to hand her the bag, and stated that she (Defendant Tristano) paid good money for the products, and they can still be re-used.

23. Plaintiff insisted that, under governing guidelines, the Salon could not re-sell the opened products.

24. New York State and Centers for Disease Control and Prevention ("CDC") guidelines, especially during the Pandemic, do not permit the re-use and re-sale of opened cosmetic products, such as shampoo.

25. For instance, 19 NYCRR 160.20(g) provide that, "All creams, lotions and other cosmetics used for clients must be kept in closed containers and dispensed with disposable applicators. When only a portion of a preparation is to be used on a client, it shall be

removed from the container in such a way as not to contaminate the remaining portion."

26. According to the Phase II Retail Guidance for New York State, "Responsible Parties should prepare a plan for receipt and resale of returned merchandise, or modify policies to ensure safety of employees and customers, which may include restricting certain items from return during the period of the emergency. Responsible Parties should clean and disinfect returned merchandise, to the extent practicable."

27. Plaintiff stated that the bottle could be disinfected under NYS and CDC procedures, but the product inside, which was partially used, could not be disinfected.

28. Defendant Tristano engaged in threatening and belligerent behavior by grabbing, pulling, and twisting Plaintiff's arm and backing Plaintiff up against a dumpster.

29. Frightened by this conduct, Plaintiff gave Defendant Trisatno the bag of returned merchandise, and Defendant Tristano continued to insist that the product could be re-used by the Salon.

30. Plaintiff explained that it cannot be re-sold, re-packaged, re-purposed, or used for backbar shampoos.

31. Approximately three weeks after Plaintiff complained that Defendants were violating laws designed to protect the health and safety of customers, Defendants terminated Plaintiff.

**Defendants**

32. Defendant **DEESTYLE66, Inc.** is a corporation with its principal executive office located at 1012 Park Blvd., Massapequa Park, NY 11762, in the Eastern District of New York.

33. Defendant **DEESTYLE66, Inc.** is an "enterprise engaged in interstate commerce" within the meaning of the FLSA. Defendant has: (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, including computers, pads, pens, telephones, credit card processing machines, dyes, shampoos, conditioner, toner, finger bowls, and paper, and (2) an annual gross volume of revenues in excess of $500,000.

34. Defendant **DEESTYLE66, Inc.** is a covered employer within the meaning of the FLSA and the NYLL and, at all times relevant, employed plaintiff.

35. At all relevant times, **DEESTYLE66, Inc.** has maintained control, oversight, and direction over plaintiff.

36. Defendant **DENISE TRISTANO** is an owner and/or officer of **DEESTYLE66, Inc.** She exercises sufficient control over **DEESTYLE66, Inc.** operations to be considered plaintiff's employer under the FLSA and NYLL, including the authority to hire and fire, assign work, supervise employees, maintain payroll records, and at all times material herein established and exercised authority regarding the pay practices at **DEESTYLE66, Inc.**

37. The business activities of the defendants are related and performed through

unified operation or common control for a common business purpose and constitute an enterprise, or joint employer, within the meaning of the FLSA.

### DEFENDANTS' FAILURE TO PAY MINIMUM WAGES

38. Defendants suffered or permitted plaintiff to work and did not compensate plaintiff at the minimum wage required under New York State Law.

### DEFENDANTS' FAILURE TO PAY OVERTIME PAY

39. Defendants suffered or permitted plaintiff to work over 40 hours per week. During regular workweeks, Defendants did not compensate plaintiff for premium overtime pay at time and one-half the full wage rate for the overtime hours worked.

### DEFENDANTS' VIOLATIONS OF THE WAGE THEFT PREVENTION ACT

40. The NYLL and Wage Theft Prevention Act requires employers to provide all employees with a written notice of wage rates within ten days of the time of hire and when the wage rate is increased.

41. Defendants failed to furnish plaintiff with wage notices as required by § 195(1) of the Labor Law.

42. The NYLL and Wage Theft Prevention Act requires employers to provide all employees with an accurate statement accompanying every payment of wages, which lists the name and phone number of the employer, regular rate of pay, overtime rate of pay, regular hours worked, overtime hours worked, gross wages, net wages, and additional information.

43. Defendants also failed to furnish plaintiff with accurate statements of wages, as required by § 195(3) of the Labor Law.

### SPREAD OF HOURS' PAY

44. Pursuant to of New York State labor regulations. N.Y. Comp. Codes R. & Regs. tit. 12, §§ 142-2.4, Defendants were required to pay Plaintiff an extra hour of pay at the basic minimum hourly wage for each day that Plaintiff's spread of hours worked exceeded 10 hours per day.

45. Defendants did not pay Plaintiff spread of hours' pay.

### FIRST CAUSE OF ACTION
### (FLSA – Unpaid Minimum Wages)

46. Plaintiff reallege, and incorporate by reference, all allegations as though previously set forth herein.

47. At all times relevant, plaintiff was an "employee" within the meaning of 29 U.S.C. §§ 201 *et seq.*

48. At all times relevant, defendants have been employers of plaintiff, engaged in commerce and/or the production of goods for commerce, within the meaning of 29 U.S.C. §§ 201 *et seq.*

49. Defendants have failed to pay plaintiff minimum wages to which she is entitled under the FLSA.

50. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were, or should have been, aware of the fact that the practices

described in this Complaint were unlawful.

51.  Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of plaintiff.

52.  Because defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

53.  As a result of defendants' willful violations of the FLSA, plaintiff has suffered damages by being denied minimum wage in accordance with the FLSA in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## SECOND CAUSE OF ACTION
### (NYLL – Unpaid Minimum Wages)

54.  Plaintiff realleges, and incorporates by reference, all allegations as though previously set forth herein.

55.  Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

56.  At all times relevant, plaintiff has been an employee of defendants, and defendants have been employers of plaintiff within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

57.  Defendants have failed to pay plaintiff the minimum wages to which she is entitled under the NYLL and the supporting New York State Department of Labor

Regulations.

58. Through their knowing or intentional failure to pay minimum hourly wages to plaintiff, defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

59. Due to defendants' willful violations of the NYLL, plaintiff is entitled to recover from defendants unpaid minimum wages and liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### THIRD CAUSE OF ACTION
### (FLSA – Overtime)

60. Plaintiff realleges, and incorporates by reference, all allegations in all preceding paragraphs.

61. Defendants have failed to pay plaintiff premium overtime wages to which she is entitled under the FLSA at the rate of time and one-half for all hours worked in excess of 40 hours per week.

62. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional.  Defendants were aware, or should have been aware of, the fact that the practices described in this Complaint were unlawful.

63. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of plaintiff.

64. Because defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

65. As a result of defendants' willful violations of the FLSA, plaintiff has suffered damages by being premium overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## FOURTH CAUSE OF ACTION
### (NYLL – Overtime)

66. Plaintiff realleges, and incorporates by reference, all allegations in all preceding paragraphs.

67. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

68. Defendants have failed to pay plaintiff premium overtime wages to which plaintiff was entitled under the NYLL and the supporting New York State Department of Labor Regulations at the rate of time and one half for all hours worked in excess of 40 hours per week.

69. Through their knowing or intentional failure to pay minimum hourly wages to plaintiff, defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

70. Due to defendants' willful violations of the NYLL, plaintiff is entitled to recover from defendants unpaid overtime wages and liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## FIFTH CAUSE OF ACTION
### (NYLL – Failure to Provide Wage Notices)

71. Plaintiff realleges, and incorporates by reference, all allegations in all preceding paragraphs.

72. Defendants have willfully failed to supply plaintiff with a wage notice, as required by NYLL, Article 6, § 195(1), in English, or in the language identified by plaintiff as their primary language, containing plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner has deemed material and necessary.

73. Through their knowing or intentional failure to provide plaintiff with the wage notices required by the NYLL, defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

74. Due to defendants' violation of NYLL § 195(1), plaintiff is entitled to recover from defendants liquidated damages $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

## SIXTH CAUSE OF ACTION
### (NYLL – Failure to Provide Wage Statements)

75. Plaintiff realleges, and incorporates by reference, all allegations in all preceding paragraphs.

76. Defendants have willfully failed to supply plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

77. Through their knowing or intentional failure to provide plaintiff with the accurate wage statements required by the NYLL, defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

78. Due to defendants' violation of NYLL § 195(3), plaintiff is entitled to recover from the defendants liquidated damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

## SEVENTH CAUSE OF ACTION
### (Spread of Hours' Pay)

79. Plaintiff realleges, and incorporates by reference, all allegations in all preceding paragraphs.

80. Defendants regularly and knowingly required Plaintiff to be at work for a spread of hours equal to, or greater than, ten (10) hours per day.

81. Defendants knowingly, willfully, and intentionally failed to pay Plaintiff one extra hour's pay, at the basic minimum wage, for every day in which the interval between Plaintiff's start and end times exceeded ten hours, in violation of New York State labor regulations. N.Y. Comp. Codes R. & Regs. tit. 12, §§ 142-2.4.

82. Because of Defendants' willful violation of the NYLL, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid wages originating from the spread of hours provision, liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, all in an amount to be determined at trial.

### EIGHTH CAUSE OF ACTION
### (Whistleblower Law)

83. Plaintiff realleges, and incorporates by reference, all allegations in all preceding paragraphs.

84. Defendant DENISE TRISTANO is a "Supervisor" as set forth in NYLL §740(1)(f).

85. Defendant Deestyle, Inc. d/b/e Denise Hair and Salon is an "employer" as set forth in NYLL §740(1)(b).

86. At all times, Plaintiff was an "employee" as set forth in NYLL §740(1)(a).

87. Pursuant to 19 NYCRR 160.20(g) and the Phase II Retail Guidance for New York State, Defendants were prohibited from repurposing used and returned shampoo products.

88. Defendants violated this law by repurposing, or threatening to repurpose, an opened and

returned shampoo product, which created a substantial and specific danger to public health or safety.

89. Plaintiff disclosed to her supervisor activities, policies, and practices of Defendants which were in violation of law, rule, or regulation, and which created and presented a substantial and specific danger to the public health or safety.

90. Defendants terminated Plaintiff on October 20, 2020, shortly after, and because, Plaintiff complained about the substantial and specific danger to public health or safety.

91. Defendants' termination of Plaintiff's employment violated NY Labor Law § 740(2), and damaged Plaintiff.

## JURY DEMAND

92. Plaintiff demands trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court enter a judgment:

a. Declaring that defendants have violated the minimum wage and overtime pay set forth in the FLSA, and supporting United States Department of Labor Regulations;

b. declaring that defendants have violated the minimum wage and overtime pay and spread of hours' pay provisions of the NYLL, and supporting regulations;

c. declaring that defendants have violated the Wage Theft Prevent Act;

d. declaring that defendants' violations of the FLSA were willful;

e. declaring that defendants' violations of the NYLL were willful;

f. awarding plaintiff damages for all unpaid wages;

g. awarding plaintiff damages for unpaid spread of hours' pay;

h. awarding plaintiff liquidated damages in an amount equal to the total amount of

the wages and spread of hours found to be due, pursuant to the FLSA and the NYLL;

 i. awarding damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, as provided for by NYLL, Article 6 § 198;

 j. awarding plaintiff liquidated damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, as provided for by NYLL, Article 6 § 198;

 k. issuing a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL, Article 6, §§ 190 *et seq.*, NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

 l. awarding plaintiff pre-judgment and post-judgment interest under the FLSA and the NYLL;

 m. granting an injunction requiring defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL;

 n. awarding plaintiff reasonable attorneys fees' and costs pursuant the FLSA and the NYLL;

 o. awarding Plaintiff backpay, frontpay, lost health insurance, life insurance, pension, and deferred compensation benefits, retirement benefits, stock options, vacation, personal, sick and accrued leave, which amounts are to be determined at trial, plus reinstatement to her former position, and an injunction against the employer for any further violations, as well as pre-judgment interest and counsel fees, for defendants' willful unlawful termination;

    p.  awarding such other and further relief as the Court deems just and proper.

Dated:    Mineola, NY
           January 6, 2021

                                RAYMOND NARDO, P.C.

                By:    RAYMOND NARDO, ESQ.
                      129 Third St
                      Mineola, NY 11501
                      (516) 248-2121
                      raymondnardo@gmail.com
                      *Counsel for Plaintiff*