## SETTLEMENT AGREEMENT

This Agreement and Release ("Agreement") sets forth the mutual understanding between **CAITLYN SULLIVAN** (hereinafter referred to as "Plaintiff") and **DEESTYLE66 Inc. d/b/a DENISE & COMPANY SALON, its agents, servants, and employees, and DENISE TRISTANO**, as an individual (collectively hereinafter referred to as "Defendants") regarding Plaintiff's employment by Defendants and the settlement of all wage and hour claims she has or may have against Defendants. Plaintiff and Defendants may each be referred to as a "Party," or together, be referred to herein as the "Parties."

**WHEREAS**, Plaintiff has filed a case against Defendants in the United States District Court, Eastern District of New York, entitled *Sullivan v. Deestyle66 Inc. d/b/a Denise & Company Salon, Denise Tristano, as an individual,* Docket No. 21-cv-72 (GRB)(SIL) (the "Action"), alleging violations under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") and the Wage Theft Prevention Act ("WTPA");

**WHEREAS**, the Lawsuit contained allegations by Plaintiff of alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, et seq., as well as violations under the New York Labor Law ("NYLL");

**WHEREAS**, the Parties, without any concession or admission of unlawful conduct, liability, fault or wrongdoing, now desire to avoid further litigation and, by this Agreement, intend to resolve all matters raised in the Lawsuit and any and all claims and counterclaims which were asserted by the Parties therein, including wage and wage-related claims arising under federal or state law;

**NOW, THEREFORE**, in consideration of the mutual promises contained in this Agreement, Plaintiff and Defendants, each having been represented by counsel, have independently concluded that it is in their respective best interests to do so, agree as follows:

1. Consideration

    A. In consideration for Plaintiff's agreement to fully release any and all claims asserted in the Lawsuit, including but not limited to Plaintiff's FLSA and NYLL claims, and for the issuance of IRS Form W-9's from Plaintiff and Plaintiff's counsel, Defendants agree to pay the total gross sum of $15,000.00 (the "Settlement Amount") apportioned as follows:

    a. One check in the amount of $5,000.00 (without withholdings), on or before September 30, 2021, made payable to "**Caitlyn Sullivan**" which sum shall be reflected on an IRS Form 1099 issued to Plaintiff;

    b. One check in the amount of $5,000, made payable to "**Raymond Nardo, P.C.**" on or before December 15, 2021, which sum shall be reflected on an IRS Form 1099 issued to Raymond Nardo, P.C.

1

   c. One check in the amount of $5,000.00 (subject to applicable withholdings), on or before February 28, 2022, made payable to **"Caitlyn Sullivan"** which sum shall be reflected on an IRS Form W-2 issued to Plaintiff.

   d. Defendants will deliver the Settlement Amount to Plaintiff's attorney, Raymond Nardo, P.C., 129 Third Street, Mineola, NY 11501.

Plaintiff agrees to be responsible to pay any taxes owed pertaining to any 1099 payments made by Defendants. Plaintiff agrees and acknowledges that Defendants and their counsel have not made any representations to Plaintiff regarding the tax consequences of any payments or amounts received by Plaintiff pursuant to this Agreement. Plaintiff agrees to indemnify Defendants against the payment of any taxes, interest, penalties, and other liabilities or costs that may be assessed upon any 1099 payments made by Defendants to Plaintiff.

Defendants agree that if any payment is not made accordingly, Plaintiff's counsel will email Defendants' counsel at adam@acweisslaw.com. If said payment is not made within 7 days of the email, then Defendants agree that all payments are accelerated and that Plaintiff may apply for a judgment to the Federal Court (or any applicable Court) for the Settlement Amount plus an additional 25% minus any sums already paid, and that Defendants shall not oppose said application.

   B. The Parties agree to execute and file the Stipulation of Dismissal, with Prejudice, attached hereto as <u>Exhibit A</u>, as set forth in Section 2 of this Agreement.

2. <u>Dismissal of Claims</u>

The Parties shall execute the Stipulation of Dismissal, with Prejudice, attached hereto as <u>Exhibit A</u>, which either party may file with the Court within seven (7) days of receiving an Order approving the settlement by the Court. The Court shall retain jurisdiction to enforce this Agreement. Plaintiff shall file a motion seeking the Court's approval of this agreement. This agreement is contingent upon the Court's approval of this settlement agreement.

3. <u>Release</u>

In consideration of the promises made by Defendants in this Agreement, Plaintiff releases and forever discharges Defendants from all claims raised in the Lawsuit, including those arising under the Fair Labor Standards Act and/or the New York Labor Law. Plaintiff agrees that she is waiving all claims she could have asserted against Defendants under the Fair Labor Standards Act and New York Labor Law, including, but not limited to, claims for minimum wage, overtime, spread of hours, commissions, tips or gratuities, and all claims arising under the Wage Theft Prevention Act.

Moreover, Plaintiff understands and agrees that she may not reinstate the claims that Plaintiff brought in the Lawsuit, or use this Agreement as evidence in, or as the subject matter of, any future lawsuit or proceeding against Defendants, except in an action instituted by either party alleging a breach of this Agreement. Plaintiff further acknowledges and agrees that the Release is

an essential and material term of this Agreement and that no settlement could have been reached by the Parties without this term.

4. <u>Non-Disparagement.</u>

The parties agree not to disparage, demean, defame, or say anything negative about the other party, unless compelled by law; however, the parties may make truthful statements about their employment relationship. If asked for a reference, Defendants shall indicate the dates Plaintiff worked, her last position, and indicate that it is company policy not to release any further information.

5. <u>Non-Admission of Wrongdoing</u>

Defendants deny each and every allegation of wrongdoing, including, but not limited to, the allegations and statements contained in the pleadings, proceeding, document or statement whatsoever by or on behalf of Plaintiff against Released Parties. Neither the making of this Agreement nor anything contained herein shall be construed or considered in any way to be an admission by Defendants of guilt or noncompliance with the FLSA, NYLL or WTPA.

6. <u>Modifications</u>

No amendment, change or modification of this Agreement shall be effective unless it is in writing and signed by the Parties.

7. <u>Full Knowledge, Consent, And Voluntary Signing</u>

Each signatory to this Agreement hereby warrants and represents that:

a. he or she is competent, as a matter of law, to enter into this Agreement;

b. he or she has, by this Agreement, been consulted with an attorney before signing this Agreement;

c. he or she has relied on her or her own judgment and that of counsel regarding the consideration for and language of this Agreement;

d. he or she has been given a reasonable period of time to consider this Agreement;

e. he or she understands this document and has obtained answers to any questions which she has raised about the document;

f. he or she does not have any claims against any of the Parties other her than those she has alleged in the Lawsuit; and

g. no statements made by any other Party have in any way coerced or unduly influenced him to execute this Agreement.

3

    h.    Each signatory to this Agreement is competent to effect a knowing and voluntary release of claims, as contained herein, and to enter into this Agreement. Each signatory affirms that she is not affected or impaired by illness, use of alcohol, drugs, medication or other substances or otherwise impaired. To the contrary, each signatory confirms that she has a clear and complete understanding of this Agreement.

    i.    Plaintiff further affirms that she is not a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair the right to settle claims, to waive all claims and to indemnify Defendants from any claims by or relating to Plaintiff.

    8.    <u>Severability</u>

To the extent that a court of competent jurisdiction holds that any portion of this Agreement, other than the terms in Section 3 (entitled "Release") and the terms in Section 1 (entitled "Consideration"), is invalid or legally unenforceable, the Parties agree that the remaining portions shall not be affected and shall be given full force and effect.

    9.    <u>Counterparts</u>

This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Fax, electronic, or .pdf signatures shall be deemed original copies for the purposes of this Agreement.

    10.    <u>Resolution of Disputes.</u>

The Court shall retain jurisdiction to resolve any disputes arising hereunder.

    11.    <u>No Waiver.</u>

Failure to insist on compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

    12.    <u>Entire Agreement</u>

a.    The Parties agree that this Agreement shall be construed and enforced in accordance with the laws of the State of New York. The Parties further her agree that this Agreement along with the Stipulation of Dismissal attached as <u>Exhibit A</u> sets forth the entire agreement between the Parties and supersedes any written or oral understanding, promise, or agreement directly or indirectly related to the subject matter of this Agreement, which is not referred to and incorporated in this Agreement. Plaintiff acknowledges that she has not been induced to enter this Agreement and has not executed this Agreement in reliance upon any promises, warranties, representations or statements except as specifically set forth in the Agreement;

b. This Agreement is the product of mutual negotiations among the parties with the assistance of counsel and shall not be construed against any party as the primary author of the Agreement;

**HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 4 ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL FLSA AND NYLL CLAIMS SHE HAS OR MIGHT HAVE AGAINST RELEASED PARTIES.**

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

Dated: July 30, 2021     By: _____
                              CAITLYN SULLIVAN

                          DEESTYLE66 INC. d/b/a DENISE & COMPANY SALON

Dated: July 27, 2021     By: _____
                              DENISE TRISTANO, Principal

Dated: July 27, 2021     _____
                          DENISE TRISTANO, Individually

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CAITLYN SULLIVAN,

       Plaintiff,      21-CV-00072 (GRB)(SIL)

 -against-

DEESTYLE66 Inc. d/b/a DENISE &
COMPANY SALON, DENISE TRISTANO
as an individual,

       Defendants.
-------------------------------------------------------------X

## STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE

IT IS HEREBY STIPULATED AND AGREED, by and between the parties in the above captioned action, through the undersigned counsel, that, in accordance with Rule 41 of the Federal Rules of Civil Procedure, the action be dismissed, with prejudice.

The Court retains jurisdiction over the Settlement Agreement resolving this action.

A copy of this Stipulation shall be deemed as valid as an original.

Dated: July __, 2021         Dated: July ___, 2021

RAYMOND NARDO, P.C.      THE LAW FIRM OF ADAM C. WEISS, PLLC

By: _____    By: _____
  Raymond Nardo, Esq.         Adam C. Weiss, Esq.
  *Attorney for Plaintiff*          *Attorneys for Defendants*
  129 Third Street           3 School Street, Ste. 303
  Mineola, NY 11501          Glen Cove, NY 11542
  Telephone: (516) 248-2121       Telephone: (516) 277-2323
  raymondnardo@gmail.com       adam@acweisslaw.com

SO ORDERED THIS ____DAY

OF _____, 2021

_____
U.S.D.J.